Argued and submitted May 24, 1985, appeal of Stonebridge Inn, Inc. dismissed; otherwise affirmed January 29, 1986

# CRAMER et al,
*Respondents,*

*v.*

# STONEBRIDGE INN, INC. et al,
*Appellants.*

## (9146; CA A32662)

713 P2d 645

Wayne D. Landsverk, Portland, argued the cause and filed the briefs for appellant Federici.

Richard V. Bayless, Portland, argued the cause for

respondents. With him on the brief were Ron R. Fundingsland and Hampson, Bayless, Murphy & Stiner, Portland.

No appearance by appellant Stonebridge Inn, Inc.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

This appeal by defendant Federici[1] is from a judgment in favor of plaintiffs on claims of breach of contract, fraud, personal liability on a promissory note and interference with contractual relations. The case was tried to the court, which awarded plaintiffs $200,000 general damages, $20,000 punitive damages and attorney fees. We affirm.

In 1979, plaintiffs, retired farmers from Hermiston, answered an advertisement placed by defendant Farmers Mortgage Corporation, which was engaged in the business of arranging loans. As a result, plaintiffs loaned $200,000 to Federici, who was seeking funds to remodel the Columbia Gorge Hotel. Federici was a director, a shareholder and the president of Stonebridge Inn, Inc. (Stonebridge), owner of the hotel.

Federici signed a promissory note which was secured by a trust deed from Stonebridge to defendant George T. Langford as trustee. The deed was recorded on March 20, 1979, and gave plaintiffs' lien third priority.[2] Plaintiffs testified that they would not have made the loan for a position of lower priority. On May 16, 1979, a deed of reconveyance from Langford to Stonebridge was recorded, removing plaintiffs' trust deed as a lien on the property. Two minutes later a trust deed from Stonebridge to First State Bank securing a loan of $300,000 was recorded. Finally, on May 23, a second trust deed, identical to the first except for the dates, from Stonebridge to Langford, as trustee for plaintiffs, was recorded. The

---

[1] Although both Federici and Stonebridge Inn, Inc., filed notices of appeal, only Federici appeared and filed a brief. Stonebridge made no appearance and its appeal is dismissed. The remaining defendants are not parties to this appeal.

[2] Federici assigns error to the court's finding that he did not sign the promissory note in his corporate capacity as president of Stonebridge. His signature appears below the words "STONEBRIDGE INN, INC." without any representation that he signed in a corporate capacity. He is therefore personally obligated, unless it is "otherwise established between the immediate parties." ORS 73.4030. The court found that the "totality of the evidence" showed that it was not otherwise established. The evidence supports the trial court's finding. The corporation did not authorize the loan, the funds were not deposited directly to Stonebridge and, on the date that the note was signed, Federici signed a separate agreement showing his intention to obligate himself. There was no error.

Likewise, plaintiffs' third and fourth assignments are without merit. There is evidence to support the court's conclusion that Federici was guilty of fraud and interfered with contractual relations.

effect of these transactions made plaintiffs' security interest fourth, rather than third, in priority. In June, 1980, payments on plaintiffs' loan ceased being made.

In August, 1980, an action was brought to foreclose a construction lien on the property, naming these plaintiffs, among others, as defendants. First State Bank, also named as a defendant, filed a cross-claim to foreclose its trust deed, naming these plaintiffs as junior lien holders. When the hotel was sold on foreclosure in March, 1982, plaintiffs received nothing. They filed this action in July, 1982.

■ We address in detail only one of Federici's assignments of error, that the trial court erred in not dismissing plaintiffs' claim for contractual interference because the two-year Statute of Limitations had run.[3] That claim was based on defendant Federici's actions in regard to the original trust deed, which ran from Stonebridge to defendant Langford as trustee, with plaintiffs as beneficiaries.

ORS 12.010 provides:

"Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

Federici argues that there is not a "discovery" exception for the tort of interference with contractual relations, as there is expressly for fraud in ORS 12.110(1), and, even if there were, knowledge should be imputed to plaintiffs, because the recording of the trust deed to First State Bank, the title report to Langford or the fact that payment to plaintiffs had stopped

---

[3] Federici also argues that the Statute of Limitations had run on plaintiffs' action for fraud. The court correctly found that plaintiffs did not have sufficient knowledge to call for them to make an inquiry under Oregon law and that the action was therefore timely.

was each sufficient for a reasonably diligent person to have discovered the alleged tort.

The trial court found:

"There's no statute dealing with the date of discovery as there is with fraud. However, the Court holds that the Plaintiffs' cause of action for damages did not accrue until they were damaged and that they were nòt damaged until the time of the lien foreclosure and sale which resulted in their security being worthless."

The issue is not whether a "discovery" date should be made applicable to the tort of interference with contractual relationships but, rather, when the cause of action accrued. The Statute of Limitations does not begin to run until a claim is actionable. *Dortch v. A. H. Robins Co., Inc.,* 59 Or App 310, 320, 650 P2d 1046 (1982). Intentional interference with economic relationships that *in fact causes injury* to a plaintiff's business may give rise to a tort claim. *Straube v. Larson,* 287 Or 357, 360, 600 P2d 371 (1979). The plaintiff must be damaged beyond the fact of the interference itself. *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or 201, 582 P2d 1365 (1978); *Ron Tonkin Gran Turismo v. Wakehouse Motors,* 46 Or App 199, 208, 611 P2d 658, *rev den* 289 Or 373 (1980).

The trial court was correct that, even though the subordination of plaintiffs' lien occurred more than two years before they brought this action, they had no actionable claim until that subordination made their lien valueless, *i.e.,* when the foreclosure sale failed to provide funds to pay off their note. Damages and plaintiffs' cause of action accrued at that time. Plaintiffs' action was timely.

Appeal of Stonebridge Inn, Inc., dismissed; otherwise affirmed.