**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

CHAD MCKINLEY BURCHAM,
　　　　　*Defendant-Appellant.*

No. 03-4714

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Carl Horn, III, Magistrate Judge.
(CR-03-17)

Submitted: December 5, 2003

Decided: January 13, 2004

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jennifer Marie Hoefling, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Chad McKinley Burcham appeals the district court's judgment revoking his twelve-month term of supervised release and sentencing him to twelve months' imprisonment. The petition for revocation alleged that Burcham: (1) committed four new law violations; and (2) failed to report contact with law enforcement officers to his probation officer. Finding no error, we affirm.

Burcham argues that the district court lacked subject matter jurisdiction to hold a revocation hearing because the warrant for revocation was issued after the expiration of his supervised release term. Because Burcham raised this argument for the first time on appeal, we review it for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). A court may revoke a term of supervised release after the supervised release term expires "if, before its expiration, a warrant or summons has been issued on the basis of an allegation of . . . a violation." 18 U.S.C. § 3583(i) (2000).

The warrant for revocation of supervised release was issued on July 29, 2003. Burcham claims that his twelve-month term of imprisonment commenced on May 30, 2001, expiring no later than May 30, 2002. Therefore, he argues that his term of supervised release expired on May 30, 2003. Burcham apparently relies upon the sentencing court's statement that "[i]f possible, the defendant shall receive credit for time he has served while in custody in South Carolina beginning May 30, 2001." Nonetheless, district courts are not authorized to compute credit for time spent in official detention when sentencing a convict. *United States v. Wilson*, 503 U.S. 329, 333 (1992). It is the responsibility of the Attorney General, through the Bureau of Prisons ("BOP"), to determine when a sentence commences and whether a defendant should receive credit for time previously spent in custody. *Id.* at 335. The BOP's Notice of Release indicates that Burcham was released from custody on August 12, 2002. Burcham cannot challenge in this action the BOP's notice of release and decision not to award him credit because he has not exhausted his administrative remedies. *United States v. Mitchell*, 845 F.2d 951 (11th Cir. 1988). Thus, we are bound to conclude that his supervised release term expired on August

12, 2003. Therefore, the July 29, 2003 warrant for revocation was filed before the expiration of Burcham's term of supervised release, thereby preserving jurisdiction in the district court.

Burcham next argues that the district court erred by conducting the revocation hearing during the pendency of state criminal proceedings regarding the alleged new law violations in contravention of the *Younger* abstention doctrine.[1]

The *Younger* abstention doctrine is appropriate only in those cases where: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to present the federal claims in the state proceeding. *Employers Res. Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). "*Younger* abstention does not apply to federal criminal prosecutions." *United States v. Geiger*, 263 F.3d 1034, 1040 (9th Cir. 2001) Because supervised release revocation hearings are similar to federal criminal prosecutions, *Younger* does not apply to them. Moreover, even assuming its applicability, Burcham fails to meet the third element of the *Shannon* test for invoking *Younger* abstention. Because there would not be an adequate opportunity to resolve the federal issue of the propriety of revoking Burcham's term of supervised release in the state criminal proceedings, the district court properly declined to abstain under *Younger*. *See Shannon*, 65 F.3d at 1134.

Burcham further argues that the evidence was insufficient to support the district court's finding that Burcham violated the terms of his supervised release. Because Burcham raised this argument for the first time on appeal, we review it for plain error. *Olano*, 507 U.S. at 731-32. In order to revoke a defendant's term of supervised release, the district court must find by a preponderance of the evidence that the defendant violated a condition of supervised release. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). We find that the district court did not plainly err because sufficient evidence supported his finding that Burcham violated the terms of his supervised release. *Id.*

---

[1]In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not enjoin a pending state criminal proceeding except in the very unusual situation when an injunction is necessary to prevent great and immediate irreparable injury.

Finally, Burcham argues that his due process rights were violated in two respects. First, he alleges that the probation officer and the magistrate judge engaged in ex parte communications, denying him a fair hearing before a neutral and impartial judge. Contrary to Burcham's contention, the transcript of the revocation hearing reveals that these conversations occurred in open court in the presence of both Burcham and his counsel. Thus, they were not ex parte communications.

Burcham also alleges that his due process rights were violated by the magistrate judge's failure to make specific written findings to support his decision. Because Burcham raised this argument for the first time on appeal, we review it for plain error. *Olano*, 507 U.S. 731-32. "[A] transcribed oral finding can serve as a 'written statement' for due process purposes when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." *Copley*, 978 F.2d at 831. The district court stated as follows: "I'm doing this because you do have 114 prior convictions before all these current offenses. Those convictions are in 12 different counties in North Carolina [and are] of a very similar sort to the ongoing criminal activity." (J.A. at 36-7.) This transcribed oral finding, coupled with Burcham's admission to the violations, enables us to review the basis of the district court's finding that Burcham committed new violations of law by a preponderance of the evidence.

For these reasons, the district court possessed jurisdiction to hold a revocation hearing, properly declined to abstain under the *Younger* doctrine, did not plainly err by revoking Burcham's term of supervised release, and did not violate Burcham's due process rights.[2]

---

[2]Nothing in this opinion prevents Burcham from immediately pursuing an administrative challenge to BOP's decision not to credit the time he spent in state custody against his federal sentence or to pursue whatever other remedies he may have pursuant to 18 U.S.C. § 3585(b). We note that § 3585(b) states that "a defendant *shall* be given credit" for previous time served if the time served satisfies the statutory requirements. 18 U.S.C.A. § 3585(b) (West 2000). Although the Attorney General, through the BOP, is responsible for awarding credit for time served, "prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *United States v. Wilson*, 503 U.S. 329, 335 (1992).

Accordingly, we affirm the district court's judgment revoking Burcham's term of supervised release and sentencing him to twelve months' imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*