# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-30111
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY JAMES WIMBERLY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20045-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeremy James Wimberly appeals the district court's order and judgment revoking the three-year term of supervised release that was imposed following his conviction for being a felon in possession of a firearm. The district court found that Wimberly had violated both mandatory and special conditions of his supervised release, as alleged in an initial revocation petition and an amended petition. Upon revocation of the supervised-release term, which Wimberly began

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serving in September 2005, the district court sentenced Wimberly to 24 months of imprisonment.

For the first time on appeal, Wimberly argues that the revocation judgment should be reversed because the district court violated Federal Rule of Criminal Procedure 32.1(b)(1) by not affording him an initial appearance or a preliminary hearing in connection with the allegations in the amended revocation petition. Because Wimberly did not raise this issue in the district court, we review it only for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To show plain error, Wimberly must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record does not establish that the district court plainly erred by failing to afford Wimberly an initial appearance with respect to the allegations in the amended petition. He received proper notice of the allegations against him, and was aware of the charges that would be addressed at the revocation hearing. Furthermore, Wimberly was afforded an initial appearance before an MJ with respect to the allegations contained in the initial petition, and the MJ properly informed Wimberly of the rights afforded to him under Rule 32.1. Accordingly, Wimberly either was aware of or was granted the Rule 32.1 protections of which he would have been admonished at an initial appearance with respect to the amended petition. *See* FED. R. CRIM. P. 32.1(a)(1), (3)(A)-(C). He therefore has not shown that he was harmed by the district court's failure to conduct an initial appearance on the amended petition. *See Puckett*, 129 S. Ct. at 1429.

Likewise, Wimberly has not demonstrated that his substantial rights were affected by the district court's failure to conduct a preliminary examination concerning the amended petition. He has not shown that, if the district court had held a preliminary hearing, it likely would have found no probable cause to

support the additional violation. *See* FED. R. CRIM. P. 32.1(b)(1)(A). Moreover, even if the district court had found that the additional violation was not supported by probable cause, Wimberly would not have been released from custody or otherwise excused from the revocation proceedings because he was subject to revocation based upon the violations alleged in the initial petition. Similarly, if the court had dismissed the amended charge, Wimberly's supervised release nonetheless would have been revoked because he pleaded true to the allegations in the initial petition, which mandated that his supervised release be revoked. 18 U.S.C. § 3583 (g)(3). There also is no indication that Wimberly's revocation sentence was affected by the district court's finding that he was guilty of the amended charge. Thus, Wimberly has not shown that any purported error by the district court affected his substantial rights. *See Puckett*, 129 S. Ct. at 1429.

Wimberly also contends for the first time on appeal that the district court lacked authority to revoke his supervised release because he was not subject to a valid term of supervision at the time that he committed the violations underlying the revocation decision. He suggests that his supervised release term expired in January 2007 and that all purported violations of his supervised release conditions occurred after that date. Wimberly did not previously assert that the district court lacked jurisdiction to adjudicate the petition to revoke his supervised release, and review therefore is for plain error. *See United States v. Martinez*, 496 F.3d 387, 389 & n.12 (5th Cir. 2007); *see also Puckett*, 129 S. Ct. at 1429.

Wimberly's three-year term of supervised release began in September 2005. He was detained in February 2006 for violating the conditions of his Texas state parole, and he remained incarcerated on "technical violations" of his state parole until June 2006. He thereafter was transferred to Texas in April 2007 to answer to another parole violation. He consequently was continued on parole, and was incarcerated in Texas state prison before he completed his state parole

term in a halfway house in January 2008.  Because Wimberly was imprisoned for more than 30 consecutive days in connection with a sentence imposed for his prior state conviction, his supervised release was tolled during this period of incarceration.  *See* 18 U.S.C. § 3624(e); *United States v. Jackson*, 426 F.3d 301, 304-05 (5th Cir. 2005).  Given the duration that Wimberly's supervised release period was tolled (i.e., a period in excess of four months), he was subject to a term of supervision when the revocation warrant was signed in December 2008, and his supervised release was revoked in January 2009.  Thus, his contention that the district court lacked jurisdiction to revoke his term of supervised release is without merit.

AFFIRMED.