Argued and submitted February 4, judgment dismissing claims of declaratory judgment and interference with economic relations reversed and remanded; otherwise affirmed July 13, 2011

RACHELLE BUTCHER
and Pamela Onion,
as Guardian ad litem for
Shaman Butcher, Laine Butcher,
Edward Butcher, Cheyenne Butcher,
and Juel Butcher, Minors,
*Plaintiffs-Appellants,*

*v.*

Susan McCLAIN,
Merrie Postlewait,
and Ann Sommers,
individually and as claiming successors of the
Trust for Betty Butcher,
*Defendants-Respondents.*

Clackamas County Circuit Court
CV08050314; A142856

260 P3d 611

Donald B. Bowerman, Judge pro tempore.

Mary Ellen Page Farr argued the cause and filed the briefs for appellants.

James D. Case argued the cause for respondents. With him on the brief were Alex Golubitsky, and Case & Dusterhoff, LLP.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ROSENBLUM, S. J.

## ROSENBLUM, S. J.

Plaintiffs appeal from a judgment dismissing under ORCP 21 their claims for declaratory judgment, interference with economic relations, reformation, and constructive trust, arising out of a family dispute and the ownership of a farm property in Canby, Oregon. We conclude that the trial court erred in dismissing plaintiffs' claims for declaratory judgment and interference with economic relations and reverse.

In reviewing the trial court's rulings under ORCP 21 A, "[w]e * * * accept as true all well-pleaded allegations and any facts that might be adduced as proof of those allegations." *Doyle v. Oregon Bank*, 94 Or App 230, 232, 764 P2d 1379 (1988), *rev den*, 307 Or 571 (1989). However, we disregard any allegations that state conclusions of law. *See Nadeau v. Power Plant Engr. Co.*, 216 Or 12, 15, 337 P2d 313 (1959) (court disregards conclusions of law because they are nullities that do not present any issue). We draw the pertinent facts from plaintiffs' second amended complaint.

Plaintiffs are Rachelle Butcher, the surviving spouse of Tim Butcher, and Pamela Onion, the guardian *ad litem* for Rachelle and Tim's five children. Tim Butcher was the son of Betty and Edward Butcher, who are also both deceased. Defendants are Tim's sisters—the daughters of Betty and Edward.

Betty and Edward owned a family farm. They told Tim that they wanted him to farm the property and wanted his children to inherit the property so that it would remain in the Butcher family. In 1977, Betty, Edward, and Tim orally agreed that (1) together they would farm the property and share its expenses, profits, and losses; (2) Betty and Edward would have the right to live on the farm, but would not transfer an interest in the farm to anyone other than Tim; (3) in exchange for Tim's work, the farm would become Tim's after the death of Betty and Edward. The complaint alleged that the farm, its equipment, and accounts were all assets of the partnership that Betty, Edward, and Tim shared as partners.

Betty and Edward also had other property. Tim, Betty, and Edward agreed that the other property would be left to defendants and that Tim and his family would have no

rights to that other property. Defendants were aware of the above-described oral agreement and agreed that Tim and his family should own the farm and that defendants would receive other assets upon the deaths of Betty and Edward. In 1977, Betty and Edward executed wills leaving the farm to Tim.

After Edward's death, Tim married plaintiff Rachelle, and the couple placed a mobile home on the property and raised their five children there. Plaintiffs alleged that, after Tim and Rachelle married, Betty ratified the partnership agreement between herself, Tim, and Rachelle, and that Rachelle became a partner in running the farm. Plaintiffs allege on information and belief that, after Edward's death and Tim's marriage to Rachelle, Betty executed a will leaving the farm property to Tim, or to Tim, Rachelle, and the children.

On May 22, 2005, Tim died in an automobile accident. After Tim's death, Betty and defendant McClain reaffirmed with Rachelle that the farm would be deeded to Rachelle and the children after Betty's death. However, shortly after Tim's death, defendants began to harass Rachelle and refused to allow Rachelle to have access to Betty.

In December 2005, Betty suffered a stroke that left her incapacitated. Acting pursuant to a power of attorney, defendant Postlewait brought an FED action on behalf of Betty requiring Rachelle to remove the mobile home from the property. Unbeknownst to Betty, on May 10, 2006, Postlewait obtained on Betty's behalf a default judgment of eviction against Rachelle, and Rachelle and the children were removed from the property on July 19, 2006. In February 2007, without Rachelle's knowledge, Betty executed a deed which conveyed the property to defendants but which was not recorded until after Betty's death several months later. In May 2007, defendants burned the mobile home on the property.

Betty died on June 22, 2007. Her will, executed June 2, 2005, did not leave the property to Rachelle or the children and expressly disinherited the children. Rachelle

had no knowledge of the will until she received a copy of it after Betty's death.

Plaintiffs brought this action on May 13, 2008. For their first claim for relief, plaintiffs seek a declaration under ORS 28.010 that the farm property belongs to Rachelle, as the last surviving partner of the farm partnership, or to Rachelle and the children, as successors to Tim's interest in the partnership. Thus, plaintiffs' first claim is based entirely on the alleged partnership and on Rachelle's right to the property by virtue of the partnership. For their second claim, plaintiffs seek damages for defendants' intentional interference with Rachelle's and the children's economic relations with Betty and their prospective inheritance from Betty. For their third and fourth claims for relief, plaintiffs request that the deed to the property be reformed consistently with plaintiffs' ownership interest and that a constructive trust be imposed for plaintiffs' benefit.

Defendants moved to dismiss the complaint under ORCP 21 A, asserting that the children and, hence, their guardian *ad litem*, were not proper parties; that the claims are all premised in tort and are barred by the statute of limitations; that plaintiffs had failed to allege facts sufficient to state a claim for relief; and that the declaratory judgment claim is barred by claim preclusion. The trial court granted defendants' motion. Because of the cryptic nature of the trial court's written ruling, which stated simply that "[d]efendants' Motion for Judgment on the Pleadings with Prejudice is granted," we refer to the transcript of the trial court's ruling from the bench.[1] The court explained that it

---

[1] As noted, the trial court granted a motion for "judgment on the pleadings." In addition to their motions to dismiss, defendants had also sought a "judgment on the pleadings" under ORCP 21 B, on the ground that plaintiff's second amended complaint had failed to remediate defects in an earlier complaint. The court had previously granted motions to dismiss an earlier complaint and had given plaintiffs leave to replead. In addressing defendants' motions directed against the second amended complaint, the court did not address the merits of the motions to dismiss; it simply granted defendants' motion for judgment on the pleadings with prejudice. Thus, it would appear that the trial court accepted defendants' argument that judgment on the pleadings was appropriate because plaintiffs' amended pleading had not addressed the deficiencies identified by the court in its rulings on the first motions to dismiss. However, the motion for judgment on the pleadings and the trial court's ruling on that motion were premature, because not all the pleadings had been filed. We therefore treat the ruling on appeal as having been directed to

would adhere to a previous ruling granting motions directed against an earlier complaint. The court then explained that the claim of intentional interference would be dismissed based on the statute of limitations, and that "reformation" and "constructive trust" are remedies, not claims. As for the declaratory judgment claim, the trial court explained, "there's not sufficient facts pled to justify the remedy."

On appeal, most of the parties' arguments are directed toward the claim of interference with economic relations. The parties focus on the statute of limitations, whether the children were proper parties, and whether the complaint states a claim.

We first address plaintiffs' contention that the trial court erred in dismissing plaintiffs' second claim—interference with economic relations—based on the statute of limitations. It is undisputed that plaintiffs' second claim, which is based on defendants' alleged interference with plaintiffs' economic relationship with Betty and with plaintiffs' inheritance, sounds in tort and is subject to a two-year statute of limitations, ORS 12.110(1). *See Allen v. Hall*, 328 Or 276, 281-82, 974 P2d 199 (1999). Because plaintiffs' claim is not based on fraud or deceit, the accrual of the claim is not subject to a rule of discovery.

Plaintiffs filed their original complaint on May 13, 2008. As pertinent to the second claim, the second amended complaint alleged, in part:

"25.

"After Tim died, defendants intentionally misled [Betty] and worked on her grief over her son's death in order to induce [Betty] to enter into a will, eleven days after Tim's death, which purported to disinherit Rachelle and the Children.

"26.

"Defendants did not inform [Betty] that they were evicting Rachelle and the Children and [Betty] maintained continuously that the Farm and everything on it belonged to

---

defendants' motions to dismiss under ORCP 21 A(8) and (9). *Simpkins v. Connor*, 210 Or App 224, 150 P3d 417 (2006) (premature motion for judgment on pleadings under ORCP 21 B treated as motion to dismiss under ORCP 21 A).

Rachelle and the Children and that they would receive title to the Farm under her will as Tim and his parents had always agreed. * * *

"27.

"Defendants' actions interfered with the prospective inheritance which Rachelle and the Children expected and to which they were entitled, and defendants' actions interfered with the economic relationship which plaintiffs had with [Betty], as is alleged above."

The complaint appears to allege two types of interference by defendants: interference with plaintiffs' "economic relationship" with Betty by causing Betty to evict Rachelle and the children, and interference with Rachelle and the children's prospective inheritance by causing Betty to disinherit them. An interference claim based on the eviction could have accrued no later than the judgment of eviction, which was entered May 10, 2006, more than two years before the filing of plaintiffs' complaint. Thus, we conclude that a claim based on damages arising out of those allegations was brought outside of the statute of limitations.

However, our analysis is different with respect to defendants' alleged interference resulting in the execution of a will that disinherited Rachelle and the children, *i.e.*, the interference with plaintiffs' prospective inheritance. The trial court found that the claim accrued on June 2, 2005, when Betty executed her will disinheriting Rachelle and the children. Plaintiffs assert that the claim did not accrue until Betty's death, when plaintiffs first were damaged through the loss of the inheritance.

We agree with plaintiffs that the statute of limitations question depends on when plaintiffs were first damaged by defendants' alleged misconduct. As noted, the Supreme Court has held that the tort of intentional interference with economic relations encompasses a claim such as plaintiffs' based on interference with a prospective inheritance. In *Allen*, the defendants prevented the testator from revising his will to leave property to the plaintiff instead of to the defendants, who were the beneficiaries under an existing will. The plaintiff filed a claim in federal court for "intentional interference with prospective inheritance." The Ninth

Circuit Court of Appeals certified to the Oregon Supreme Court the question whether Oregon recognizes a tort of intentional interference with prospective inheritance. The Supreme Court held that "an intentional interference with a prospective inheritance may be actionable under a reasonable extension of the well-established tort known as intentional interference with economic relations." 328 Or at 280.

The court set forth the elements of the tort of intentional interference with economic relations: (1) the existence of a professional or business relationship or a noncommercial relationship giving rise to certain prospective economic advantages; (2) interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages. *Allen*, 328 Or at 281. The court then addressed each of the elements of the claim in the context of the loss of an economic advantage in the form of a prospective inheritance, and concluded that they were coextensive, *i.e.*, that a claim based on a loss of a prospective inheritance is an appropriate extension of the tort of intentional interference with economic relations. The court concluded that the plaintiff had adequately alleged each of the elements of the claim, and that the complaint adequately stated the element of damages by alleging that the defendants' interference had "resulted in the loss of the intended bequest." *Id.* at 287.

*Allen* would seem to suggest that, in a claim of interference with economic relations based on the loss of a prospective inheritance, the damage is the loss of the inheritance. However, as defendants correctly point out, *Allen* did not involve the execution of a will disinheriting the plaintiff, but interference with the testator's execution of a will that would have benefited the plaintiff. Thus, *Allen* does not directly answer the question presented here: whether plaintiffs were damaged for purposes of accrual of the claim when Betty executed her will disinheriting the children, more than two years before plaintiffs filed their claim.

This court has addressed the question of the accrual of damages in the context of a claim of interference with an

economic relationship. In *Cramer v. Stonebridge Inn*, 77 Or App 407, 713 P3d 645 (1986), the plaintiffs alleged that the defendant had interfered with the plaintiffs' contractual relationship as an obligee on a promissory note secured by real property by lowering the plaintiffs' priority as a lien holder. When the property was foreclosed and sold, funds were not sufficient to pay the plaintiffs because of their lower lien priority. The plaintiffs brought their claim within two years of the foreclosure, but more than two years from the date their interest had been subordinated. The defendant sought to dismiss the claim based on the statute of limitations. We held that the claim was timely, reasoning that, even though the interference—*i.e.*, the subordination of the lien—had taken place more than two years before the plaintiffs brought the action, the claim did not accrue until that subordination caused the plaintiffs damages by making the plaintiffs' lien valueless—when the foreclosure sale failed to provide funds to pay off their note. 77 Or App at 411. We explained that a claim based on interference with economic relationships accrues when the interference *in fact causes injury*, and reasoned that injury did not occur until the loss of lien priority prevented the plaintiffs from collecting on their note. *Id.*

Here, by analogy, although the alleged interference occurred when defendants caused Betty to execute a will disinheriting Rachelle and the children, plaintiffs were not damaged by that interference until Betty's death, when they lost their expected inheritance. Thus, we conclude that the trial court erred in dismissing the claim based on the statute of limitations.

Defendants' arguments in support of the trial court's dismissal of the declaratory judgment claim are dependent on their contention that the intentional interference claim was untimely. In light of our conclusion that the intentional interference claim was filed within the statute of limitations, we also reverse the trial court's dismissal of the declaratory judgment claim.[2]

---

[2] Further, as we recently said in *Doe v. Medford School Dist. 549C*, 232 Or App 38, 221 P3d 787 (2009), a declaratory judgment action is not the proper subject at a motion to dismiss, except for want of a justiciable controversy.

We next address defendants' contention that plaintiffs have not stated a claim for interference because defendants, as Betty's natural heirs, are not "third parties" to plaintiffs' prospective inheritance. The relevant question, however, is not whether defendants were third parties *to the inheritance*, but whether they were third parties to plaintiffs' relationship with Betty, and clearly they were. Once again, *Allen* is instructive. In that case, the defendants, who allegedly interfered with the plaintiff's expected inheritance, were beneficiaries of the will that they prevented the testator from revoking. The court, held, nonetheless, that the defendants were a "third party" for the purpose of the tort. We conclude that, although defendants were parties to the probate of Betty's estate, they were "third parties" for purposes of the claim of intentional interference with economic relations.

Defendants contend that the trial court correctly dismissed the claim based on their contention that a claim for intentional interference with economic relations based on interference with a prospective inheritance is available only when there is no adequate remedy in probate. We think that the Supreme Court's opinion in *Allen* adequately disposed of that contention:

> "Defendants ascribe a breadth of purpose to the Oregon Probate Code that is not borne out by the statutes. Although it is true that that code strictly controls the kinds of issues that can be litigated in a proceeding to probate a will, and presumably requires plaintiffs to pursue those issues in the probate system where possible, that fact does not necessarily translate into a broader legislative purpose to deny legal significance to any other issue that might arise out of a decedent's making of, or failure to make, a will. Whether or not the probate code is or may be a 'complete' legislative scheme, it is complete only within the confines of its subject matter, *i.e.*, will contests. A tort claim does not become a will contest simply because it arises out of facts relating to the making or unmaking of a will."

328 Or at 284. It is possible that plaintiffs could have contested Betty's will, a question that we need not address here. That does not prevent them from bringing this separate tort claim.

Defendants contended below that the dismissal of plaintiffs' declaratory relief claim should be upheld because the claim is barred by issue preclusion, Rachelle having unsuccessfully asserted her ownership of the property as a defense in the FED proceeding. However, at oral argument, defendants expressly abandoned that defense as a basis for affirmance.

Defendants assert that the trial court did not err in dismissing plaintiffs' claim for reformation of the deed, because the facts as pleaded do not state a claim for reformation of an instrument. We agree that the current pleadings do not state a claim for reformation. *Jensen v. Miller*, 280 Or 225, 228-29, 570 P2d 375 (1977) (stating elements of claim for reformation of an instrument).

We agree with defendants' contention that the trial court did not err in dismissing plaintiffs' claim for imposition of a constructive trust. As the Supreme Court has recently said, the concept of "constructive trust" does not stand on its own as a claim but exists solely as an equitable remedy. *Tupper v. Roan*, 349 Or 211, 219, 243 P3d 50 (2010).

Finally, defendants contend that the trial court correctly dismissed the claims as to the children because they are not proper parties, as they had no interest in the alleged partnership that provides the purported basis of plaintiffs' interest in the property, and did not stand to inherit from Tim, who died intestate. We conclude that the complaint, in particular the claim for interference with economic relations, alleges facts from which it could be established that the children stood to gain from a prospective inheritance of the property from their grandmother.

Judgment dismissing claims of declaratory judgment and interference with economic relations reversed and remanded; otherwise affirmed.