**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | No. 13-50461 |
| v. | D.C. No. 5:09-cr-00043-VAP-1 |
| PETER HUGH POCKLINGTON, *Defendant-Appellant.* | ORDER |

Filed August 4, 2016

Before: Andrew J. Kleinfeld, M. Margaret McKeown, and Milan D. Smith, Jr., Circuit Judges.

Order

## SUMMARY[*]

### Criminal Law

The panel filed a published order denying Peter Pocklington's motion for attorney's fees and costs under the Hyde Amendment in a case in which this court reversed and vacated Pocklington's probation revocation and sentence on

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the ground that the district court had no jurisdiction under 18 U.S.C. §§ 3564(d), 3565(c), to revoke probation after it had expired.

The panel held that assuming this outcome is construed as a decision on the merits in favor of Pocklington—an issue the government disputes—attorney's fees are not warranted because the government's position was not "vexatious, frivolous, or in bad faith." The panel wrote that the issue confronted in this appeal—whether the requirements for extending probation under 18 U.S.C. § 3565(c) are jurisdictional—was a matter of first impression before this circuit, and this court had not addressed the impact of § 3565(c) on the circumstance of probation, invocation of equitable tolling, or plain error review. The panel added that Pocklington presented no evidence that the government sought to "embarrass" or "annoy" Pocklington.

---

### COUNSEL

Becky S. James and Jessica Rosen, James & Associates LLP, Pacific Palisades, California, for Defendant-Appellant.

Joseph B. Widman, Chief, Riverside Branch Office; Jean-Claude André, Chief, Criminal Appeals Section; Lawrence S. Middleton, Chief, Criminal Division; Eileen M. Decker, United States Attorney; Office of the United States Attorney, Riverside, California; for Plaintiff-Appellee.

---

**ORDER**

Peter Pocklington filed a motion for attorney's fees and costs under the Hyde Amendment, which permits such an award to a prevailing party in a criminal case where the court "finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A historical and statutory notes). In Pocklington's appeal, we reversed and vacated Pocklington's probation revocation and sentence on the ground that the district court had no jurisdiction under 18 U.S.C. §§ 3564(d), 3565(c), to revoke probation after the probation had expired. *United States v. Pocklington*, 792 F.3d 1036 (9th Cir. 2015). Assuming this outcome is construed as a decision on the merits in favor of Pocklington—an issue the government disputes—attorney's fees are not warranted because the government's position was not "vexatious, frivolous, or in bad faith."

In assessing the nature of the government's position, the three components of the statute are "disjunctive; thus, the defendant need only prove one of the three elements to recover." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir. 2003), *opinion amended on denial of reh'g*, 326 F.3d 1028 (9th Cir. 2003). Pocklington does not assert that the government's position was vexatious or in bad faith. Rather, he relies entirely on the "frivolous" ground. No matter which ground is at issue, "it is clear that, '[e]ven in its earliest form, the Hyde Amendment was targeted at prosecutorial misconduct, not prosecutorial mistake.'" *United States v. Braunstein*, 281 F.3d 982, 995

(9th Cir. 2002) (quoting *United States v. Gilbert*, 198 F.3d 1293, 1304 (11th Cir. 1999)).

A case is frivolous when the "government's position was 'foreclosed by binding precedent or so obviously wrong as to be frivolous.'" *Braunstein*, 281 F.3d at 995 (quoting *Gilbert*, 198 F.3d at 1304). We have described a frivolous position as "groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." *Id.* at 995 (quoting *Gilbert*, 198 F.3d at 1299). Although the "Government's case was not strong," it was not barred by precedent, obviously wrong, "brought to embarrass or annoy [Pocklington]," or in the nature of "outlandish . . . prosecutorial misconduct." *Manchester*, 315 F.3d at 1184.

The issue we confronted in this appeal—"whether the requirements for extending probation under 18 U.S.C. § 3565 are jurisdictional"—was a matter of first impression before our circuit. *Pocklington*, 792 F.3d at 1039. Although we had previously referenced § 3565(c) as jurisdictional, we did not explain the context of this term, which has been used in multiple ways, and it was in a wholly different factual scenario. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1070 (9th Cir. 2014). Nor had we addressed the impact of § 3565(c) on the circumstance of a *retroactive* extension of probation, invocation of equitable tolling, or plain error review. At the time of briefing and argument, several circuits had deemed forfeitable the claim Pocklington made for the first time on appeal. *See, e.g.*, *United States v. Madden*, 515 F.3d 601, 608 (6th Cir. 2008); *United States v. Wimberly*, 368 F. App'x 556, 558 (5th Cir. 2010); *United States v. Burcham*, 91 F. App'x 820, 821 (4th Cir. 2004).

Retroactive application was a novel issue, but in our opinion we drew an analogy to a supervised release statute with identical language, 18 U.S.C. § 3583(i), that had been interpreted as jurisdictional in the real sense—meaning going to the power of the court to hear the matter. *See United States v. Garrett*, 253 F.3d 443, 449 (9th Cir. 2001); *United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. 2004). That analogy was appreciably strengthened by the Third Circuit's decision in *United States v. Merlino*, 785 F.3d 79, 81 (3d Cir. 2015), which was argued and decided after briefing and argument in *Pocklington*. The Third Circuit held not only that § 3583(i) was jurisdictional, but also, critically, that this jurisdictional rule was not subject to equitable tolling. *Id.* at 87–88. The concurring opinion in that case characterized the question as a "close issue." *Merlino*, 785 F.3d at 94 (Ambro, J., concurring).

Finally, Pocklington presents no evidence that the government sought to "embarrass" or "annoy" Pocklington. *Braunstein*, 281 F.3d at 995. By all indications, the government was sincerely interested in revoking Pocklington's probation for plausible violations of the conditions of probation. Pocklington's creditors reported to the Probation Office that Pocklington was concealing millions of dollars in assets in violation of a condition of his probation that he make accurate financial disclosures. *Pocklington*, 792 F.3d at 1038.

After careful review of the record, including briefing and argument on the merits and briefing on the Hyde Amendment, we conclude, though the question is close, that the government's position was not frivolous. We decline to assess fees against the government for testing an essentially

untested legal idea. Pocklington's motion for attorney's fees and costs under the Hyde Amendment is **DENIED**.