**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF
AMERICA,
*Plaintiff-Appellee*,

v.

WYNONA MIXON, AKA
Wynonna Mixon,
*Defendant-Appellant.*

Nos.  18-10216
18-10272

D.C. No.
4:14-cr-00631-JGZ-LAB-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted June 13, 2019
San Francisco, California

Filed July 22, 2019

Before:  Ronald M. Gould and Sandra S. Ikuta, Circuit
Judges, and Benita Y. Pearson,[*] District Judge.

Opinion by Judge Ikuta

---

[*] The Honorable Benita Y. Pearson, United States District Judge for
the Northern District of Ohio, sitting by designation.

## SUMMARY[**]

### Criminal Law / Attorneys' Fees

The panel affirmed the district court's denial of a motion for attorneys' fees under the Hyde Amendment and a motion for reconsideration filed by a criminal defendant following her acquittal.

Agreeing with the Eighth Circuit, the panel held that a defendant is eligible for attorneys' fees under the Hyde Amendment only where there is egregious prosecutorial misconduct that renders the litigating position of the United States as a whole "vexatious, frivolous, or in bad faith." The panel held that the appellant was not eligible for attorneys' fees because she conceded that there was no prosecutorial misconduct in her case.

## COUNSEL

A. Bates Butler III (argued), Tucson, Arizona, for Defendant-Appellant.

Bradley G. Silverman (argued), Special Attorney; Helen H. Hong, Chief, Appellate Section; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

IKUTA, Circuit Judge:

Wynona Mixon appeals the district court's order denying her motion for attorneys' fees under the Hyde Amendment and the denial of her motion for reconsideration of that order. A defendant is eligible for attorneys' fees under the Hyde Amendment only when there is egregious prosecutorial misconduct that renders the litigating position of the United States as a whole "vexatious, frivolous, or in bad faith." 18 U.S.C. § 3006A note. Because Mixon concedes that there was no prosecutorial misconduct in her case, we affirm.

I

Mixon was employed as a case manager on the sex offender yard at a maximum security federal penitentiary in Tucson, Arizona. While employed as a case manager, she was the subject of two investigations.

In 2006, an inmate alleged that Mixon was smuggling drugs to inmates at the prison. The Department of Justice's Office of the Inspector General (OIG) and the Federal Bureau of Prisons (BOP) opened an investigation into this allegation. While federal agents concluded there was insufficient independent evidence to substantiate the allegation, they also determined that Mixon made a material false statement in an affidavit to investigators, and referred the alleged false statement to the U.S. Attorney's Office in Tucson for possible prosecution. Prosecutors declined to charge Mixon for the alleged falsehood, but BOP initiated internal disciplinary proceedings and gave Mixon a fifteen-day suspension. While this investigation was pending, Mixon alleged to two officials

of her union that the BOP investigators, including Lieutenant Alfonso Mendez, had coerced inmates into making false statements against her. BOP's investigation into Mixon's complaint found no evidence to support her charges, and concluded that Mixon's allegations "appear to be an attempt to taint an investigation on herself."

A second incident occurred in 2011, after a new inmate, Harold Goins, was assigned to the sex offender yard, under Mixon's supervision. On August 11, 2011, Mixon reported to her BOP supervisor, Scott Pennington, that Goins had raped her in the staff restroom. Pennington reported the incident to Lieutenant Mendez, who was still a BOP investigator for the penitentiary. OIG and Federal Bureau of Investigation (FBI) agents commenced an investigation into this rape allegation. The investigation eventually began focusing on evidence that Mixon had instigated the sexual relations with Goins in violation of 18 U.S.C. § 2243(b).[1]

Mixon claims that one of the FBI agents, John DeSouza, engaged in misconduct during the course of this investigation. According to Mixon, in September 2011, Agent DeSouza interviewed her without informing her that the FBI suspected her of misconduct, which Mixon claims was improper. Further, Mixon claims that Agent DeSouza took steps to bolster Goins's credibility as a witness. First, in January 2012, Agent DeSouza contacted an FBI agent who was investigating Goins for misconduct at a federal penitentiary in Phoenix, and asked that the agent and the U.S. Attorney's

---

[1] 18 U.S.C. § 2243(b) makes it a crime for any person in a federal prison to "knowingly engage[] in a sexual act with another person who is – (1) in official detention; and (2) under the custodial, supervisory, or disciplinary authority of the person so engaging." 18 U.S.C. § 2243(b).

Office in Phoenix delay proceeding against Goins "until our matter here in Tucson is disposed of." Second, in the course of his investigation, Agent DeSouza concluded that Goins should not have been characterized as a sex offender, and attempted to have Goins's National Crime Information Center profile updated accordingly.

The FBI and OIG investigation of Mixon's rape allegations uncovered material evidence that Mixon had induced Goins to engage in sex with her on multiple occasions in exchange for contraband and promises of protection. Based on this evidence, the U.S. Attorney's Office obtained a grand jury indictment charging Mixon with knowingly engaging in a sexual act with a prisoner she was supervising in violation of 18 U.S.C. § 2243(b).[2]

At Mixon's trial, 26 witnesses testified for the government. Goins testified that Mixon had induced him to engage in sexual acts with her in the staff restroom on several occasions. One inmate testified that he served as a lookout while Goins and Mixon were engaging in sexual acts. That inmate also testified that Mixon called Goins to her office on several other occasions, and that Goins returned from these encounters with contraband. Pennington, Mixon's supervisor, testified regarding his observations of Mixon's unruffled demeanor on the day she claimed she had been raped. Neither Lieutenant Mendez nor Agent DeSouza testified at Mixon's trial.

---

[2] A second superseding indictment charged Mixon with four violations of 18 U.S.C. § 2243(b) for four alleged sexual encounters with Goins, three counts of making false statements to investigators in violation of 18 U.S.C. § 1001, and one count of submitting false answers to interrogatories in violation of 18 U.S.C. § 1519.

At the close of the government's case, the court denied Mixon's motion for judgment of acquittal, concluding, "[w]ith the exception of one subsection of one count, . . . a rational juror, viewing the evidence in the light most favorable to the government, could find all of the essential elements of the charges beyond a reasonable doubt." The jury began deliberations on February 4, 2016, and returned not guilty verdicts on all counts on February 9, 2016.

Mixon then filed a motion for an award of attorneys' fees under the Hyde Amendment, which allows a court to make such an award to a prevailing defendant when "the position of the United States was vexatious, frivolous, or in bad faith." 18 U.S.C. § 3006A note. The district court denied Mixon's motion, and Mixon filed a timely notice of appeal.

We have jurisdiction to review a final order of the district court under 28 U.S.C. § 1291. We review a district court's ruling on a motion for attorneys' fees under the Hyde Amendment for an abuse of discretion, and "cannot reverse unless [we have] a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Braunstein*, 281 F.3d 982, 992 (9th Cir. 2002). Moreover, we may affirm the district court on any basis supported by the record, even if "the district court reached its conclusion through a different analysis." *United States v. Campbell*, 291 F.3d 1169, 1172 (9th Cir. 2002).

II

The Hyde Amendment provides that the court "in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) . . . may award to a prevailing party, other than the United States,

a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." 18 U.S.C. § 3006A note.**[3]**

This fee-shifting provision "was enacted as a method through which to sanction the Government for 'prosecutorial misconduct.'" *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir.), *as amended on denial of reh'g*, 326 F.3d 1028 (9th Cir. 2003); *see also United States v. Pocklington*, 831 F.3d 1186, 1188 (9th Cir. 2016) (holding "it is clear that, even in its earliest form, the Hyde Amendment was targeted at prosecutorial misconduct, not prosecutorial mistake" (cleaned up)). Thus, in order for a defendant to be eligible for attorneys' fees under this amendment, a court must determine that the defendant has carried the burden of proving that the "position of the United States," meaning "the government's litigating position" as a whole, was vexatious, frivolous, or in bad faith. *United States v. Sherburne*, 249 F.3d 1121, 1128 (9th Cir. 2001); *see also Position of the United States*, Black's Law Dictionary (11th ed. 2019) (defining "position of the United States" as "[t]he legal position of the federal government in a lawsuit"). Our sister circuits have likewise characterized the Hyde Amendment as permitting fee shifting only when the

---

**[3]** The Hyde Amendment was enacted by Congress as part of a 1998 appropriations bill and is located in a statutory note to 18 U.S.C. § 3006A. *Braunstein*, 281 F.3d at 994; Pub. L. No. 105-119, Title VI, § 617, 111 Stat. 2440, 2159, codified at 18 U.S.C. § 3006A note.

government's litigating position as a whole meets the statutory criteria.[4]

In this case, Mixon concedes that the prosecutors "were extremely professional and did nothing that resembled prosecutorial misconduct." She does not make any allegation that the government's litigating position was vexatious, frivolous, or in bad faith. Instead, she argues that the conduct of the government agents who investigated her case, Lieutenant Mendez and Agent DeSouza, was vexatious, and that she is entitled to attorneys' fees due to their role in preparing the case.

We disagree. The Hyde Amendment's reference to the government's position makes clear that it is intended to shift attorneys' fees for egregious prosecutorial misconduct that causes the government's litigating position as a whole to be vexatious, frivolous, or in bad faith, not for other types of bad conduct by government employees during the course of an

---

[4] *See United States v. Bove*, 888 F.3d 606, 608 (2d Cir. 2018) ("We understand 'position' to mean here the government's general litigation stance: its reasons for bringing a prosecution, its characterization of the facts, and its legal arguments."); *United States v. Manzo*, 712 F.3d 805, 810 (3d Cir. 2013) (courts analyzing Hyde Amendment claims assess "the government's litigation position"); *United States v. Shaygan*, 652 F.3d 1297, 1315 (11th Cir. 2011) ("The Hyde Amendment allows an award of attorney's fees and costs against the United States only when its overall litigating position was vexatious, frivolous, or in bad faith."); *United States v. Heavrin*, 330 F.3d 723, 731 (6th Cir. 2003) (holding Hyde Amendment requires a single holistic analysis of "the prosecution's position as a whole").

investigation.[5]  For instance, a defendant would not be eligible for attorneys' fees under the Hyde Amendment even if a prosecutor relied on fabricated evidence cooked up by a rogue agent, assuming no independent prosecutorial misconduct.  While using such evidence in the government's case would undoubtedly be a grievous mistake, we have made clear that a prosecutor's mistake cannot render the government's litigating position as a whole vexatious, frivolous, or in bad faith.  *See United States v. Capener*, 608 F.3d 392, 401 (9th Cir. 2010); *see also Braunstein*, 281 F.3d at 995.  Only pervasive prosecutorial misconduct could do so; "successful claimants . . . must show that the prosecutors 'are not just wrong, they are willfully wrong, they are frivolously wrong.'"  *Braunstein*, 281 F.3d at 994–95 (quoting 143 Cong. Rec. H7786-04, HH 7791 (Sept. 24, 1997) (statement of Rep. Hyde)).  In sum, permitting an award of attorneys' fees where there has been no prosecutorial misconduct runs counter to the text of the amendment and our precedents construing its language.[6]

The Eighth Circuit has reached the same conclusion.  *See United States v. Monson*, 636 F.3d 435, 439–40 (8th Cir. 2011).  In *Monson*, a magistrate judge determined that a search violated a defendant's constitutional rights because "law enforcement deliberately lied or recklessly disregarded the truth when they included information in an affidavit used

---

[5] Of course, there may be other avenues by which a defendant can obtain sanctions against the government or its employees or agents for misconduct.

[6] Mixon's broad reading of the Hyde Amendment also runs afoul of the longstanding principle that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).

to obtain a warrant." *Id.* at 439 (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Nevertheless, the Eighth Circuit concluded that the defendant was not entitled to attorneys' fees under the Hyde Amendment. *Id.* at 439–40. Even if "law enforcement deliberately lied or recklessly disregarded the truth when they included information in an affidavit used to obtain a warrant," this did not "necessarily mean that government prosecutors" themselves "deliberately lied or acted with a reckless disregard for the truth," so long as "they did not participate in the preparation of the affidavit." *Id.* at 439. A defendant is not entitled to attorneys' fees under the Hyde Amendment due to law enforcement misconduct; rather, the focus is on the prosecutors and whether the prosecutors themselves engaged in vexatious conduct. *See id.* at 439–40. Because the Eighth Circuit had "no trouble concluding that the government possessed sufficient evidence to show probable cause to believe that [the defendant] committed the crimes charged," it concluded that "the position of the United States" did not warrant an award of attorneys' fees under the Hyde Amendment. *Id.* at 439–40, 442.

We agree with the Eighth Circuit that unless there is serious misconduct on the part of prosecutors—those empowered to make litigation decisions on behalf of the United States—a court could not hold that "the position of the United States" as a whole was vexatious, frivolous, or in bad faith. 18 U.S.C. § 3006A note. In other words, in the absence of prosecutorial misconduct, a defendant cannot make out a claim for attorneys' fees under the Hyde Amendment. Because Mixon has conceded that there was no misconduct on the part of the prosecutors, the district court

did not abuse its discretion in denying her motion for attorneys' fees.[7]

**AFFIRMED**.

---

[7] Mixon also appealed the district court's order denying her motion for reconsideration of the denial of attorneys' fees. We affirm the district court for the same reasons.