

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BIBIJI INDERJIT KAUR PURI; RANBIR SINGH BHAI; KAMALJIT KAUR KOHLI; KULBIR SINGH PURI,

Plaintiffs-Appellants,

v.

SOPURKH KAUR KHALSA; PERAIM KAUR KHALSA; SIRI RAM KAUR KHALSA; KARTAR SINGH KHALSA; KARAM SINGH KHALSA; UNTO INFINITY, LLC, an Oregon Limited Liability Company; SIRI SINGH SAHIB CORPORATION, an Oregon non-profit corporation; SIRI KARM KAUR KHALSA; LANE POWELL PC, an Oregon Professional Corporation; LEWIS M. HOROWITZ; GURUDHAN SINGH KHALSA; GURU HARI SINGH KHASLSA; EWTC MANAGEMENT, LLC; AJEET SINGH KHALSA,

Defendants-Appellees.

No.   18-35479

D.C. No. 3:10-cv-01532-MO

MEMORANDUM[*]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| BIBIJI INDERJIT KAUR PURI; RANBIR SINGH BHAI; KAMALJIT KAUR KOHLI; KULBIR SINGH PURI, | No. 18-35658 |
| | D.C. No. 3:10-cv-01532-MO |
| Plaintiffs-Appellants, | |
| v. | |
| SOPURKH KAUR KHALSA; PERAIM KAUR KHALSA; SIRI RAM KAUR KHALSA; SIRI KARM KAUR KHALSA; KARTAR SINGH KHALSA; KARAM SINGH KHALSA; LEWIS M. HOROWITZ; LANE POWELL PC, an Oregon Professional Corporation; UNTO INFINITY, LLC, an Oregon Limited Liability Company; SIRI SINGH SAHIB CORPORATION, an Oregon non-profit corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Argued and Submitted November 8, 2019
Portland, Oregon

Before: GILMAN,[**] PAEZ, and RAWLINSON, Circuit Judges.

---

[**] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellants challenge the district court's order granting summary judgment, in favor of Appellees. Appellants also take issue with the district court's award of $46,164.53 in costs to Appellees. We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the district court's summary judgment order. *See Weber v. Allergan, Inc.*, 940 F.3d 1106, 1110 (9th Cir. 2019). The district court's award of costs is reviewed for abuse of discretion. *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). This court may affirm on any basis supported by the record. *See United States v. Mixon*, 930 F.3d 1107, 1110 (9th Cir. 2019).

**1.** Rather than venture into the thicket of the ministerial exception to judicial review of business decisions made by religious organizations, or the ecclesiastical abstention doctrine, we affirm on the alternative basis that the claims are time-barred. Appellants brought claims for declaratory relief, fraud, negligent misrepresentation, tortious interference with prospective economic advantage, and claims under the federal Racketeer Influenced and Corrupt Organizations (RICO) Act and the Oregon RICO statute (ORICO).[1] Declaratory relief claims are subject to the statute of limitations that applies to the underlying claim. *See Doyle v. City of Medford*, 351 P.3d 768, 771 (Or. Ct. App. 2015). Therefore, if the underlying

---

[1] Appellants voluntarily dismissed their ORICO claim.

claims are barred by the limitations period, so is the claim for declaratory relief. *See Brooks v. Dierker*, 552 P.2d 533, 535 (Or. 1976).

Oregon law provides that claims for fraud, negligent misrepresentation, and tortious interference must generally be commenced within two years. *See* Or. Rev. Stat. § 12.110(1); *see also Spirit Partners, LP v. Stoel Rives LLP*, 157 P.3d 1194, 1201 (Or. Ct. App. 2007) (fraud and negligent misrepresentation); *Butcher v. McClain*, 260 P.3d 611, 614 (Or. Ct. App. 2011) (tortious interference). "The statute of limitations for RICO is four years . . ." *Scott v. Boos,* 215 F.3d 940, 950 (9th Cir. 2000). The statute incorporates a discovery rule, whereby the claims accrue "when the plaintiff has discovered facts *or,* in the exercise of reasonable diligence, should have discovered facts that would alert a reasonable person to the existence of . . . the alleged fraud." *Murphy v. Allstate Ins. Co.*, 284 P.3d 524, 528 (Or. Ct. App. 2012).

The record reflects that Appellants knew, or should have known, of the alleged acts giving rise to their claims by 2004. Bibiji confirmed in her deposition that she knew that she should have occupied a board seat shortly after her husband's death in 2004. Kamaljit and Kulbir testified to similar knowledge. And the family obtained a lawyer in 2004 to represent their interests in obtaining the board positions.

Appellants protest that they could not obtain specific evidence of Appellees' actions until the Multnomah County case was initiated in 2009. But Appellants' exclusion from the boards, along with their belief that Yogi Bhajan had appointed them to the positions, was enough to demonstrate that "key material facts were not as they had been represented." *Oregon Life & Health Ins. Guar. Ass'n v. Inter-Reg'l Fin. Grp., Inc.*, 967 P.2d 880, 885 (OR. Ct. App. 1998). There is no reason Appellants could not have filed an action long before 2010 to obtain internal governance documents identifying board appointments. Accordingly, their claims were properly determined to be time-barred.

2. The district court acted within its discretion in awarding costs to Appellees. Appellees' 80-page spreadsheet described the services performed and expenses incurred with sufficient "specificity, particularity, and clarity." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015)*; see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945-46 (9th Cir. 2003) (discussing the presumption in favor of awarding costs).

**AFFIRMED.**