09-1373-cv
Kam Hing Enterprises, Inc. v. Wal-Mart Stores, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the sixth day of January two thousand and ten.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KAM HING ENTERPRISES, INC.,

*Plaintiff-Appellee,*

v.                                                          09-1373-cv

WAL-MART STORES, INC., E&E CO., LTD., JLA HOME, INC.,

*Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLEE:**    JOHN P. MARGIOTTA (Michael Chiappetta, *on the brief*), Fross Zelnick Lehrman & Zissu, P.C., New York, NY

**FOR DEFENDANTS-APPELLANTS:**    SARA L. SHUDOFSKY (J. Ellen Blain, *on the brief*), Spears & Imes LLP, New York, NY (Robert Charles Ward and James P. Martin, Shartsis Friese LLP, San Francisco, CA, *on the brief*)

1

Appeal from a judgment of the United States District for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendants-Appellants Wal-Mart Stores, Inc. ("Wal-Mart"), E&E Co., Ltd. ("E&E"), and JLA Home, Inc. (jointly, "defendants") appeal from a March 4, 2009 judgment of the District Court granting summary judgment to plaintiff on its claim for copyright infringement and ordering disgorgement in the amount of $217,144 against JLA and $1,819,751.32 against Wal-Mart. In the proceedings below plaintiff alleged that defendants' "Morning Dew" quilt design—which was designed by E&E and sold by Wal-Mart—infringed on plaintiff's copyright for its "Clarissa" quilt design. The District Court granted plaintiff's motion for partial summary judgment on the issue of infringement, finding that the two quilts displayed "striking similarity." Following a bench trial to determine the profits derived by defendants from the infringing quilts, the District Court awarded plaintiff disgorgement in the amounts noted above. We assume the parties' familiarity with the remaining factual and procedural history of the case.

On appeal, defendants argue that the District Court erred by weighing and rejecting their evidence of independent creation. Defendant Wal-Mart also argues that the District Court "abused its discretion" by precluding its witness on costs from testifying about certain matters at trial.

We review a district court's grant of summary judgment *de novo*, construing all facts in favor of the non-moving party. *See, e.g.*, *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 183 (2d Cir. 2006); *Jeffreys v. City of N.Y.*, 426 F.3d 549, 553 (2d Cir. 2005). Summary judgment is appropriate only upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Defendants argue that several items of evidence before the District Court created a genuine issue of material fact with respect to the issue of independent creation. In particular, they point to a fax from April 2004 purporting to show a patchwork quilt design similar to the design that eventually appeared in defendants' Morning Dew quilt. They also point to print-outs from defendant E&E's "fabric design library" showing that, as of April 2004, defendants had created five of the seven fabric designs appearing in the Morning Dew quilt. Defendants assert that this evidence, which predates the creation of the Clarissa quilt in June 2004, is probative of independent creation and was improperly rejected by the District Court on a motion for summary judgment.

The District Court granted summary judgment for plaintiff based on the striking similarity of the "choice and arrangement of the [quilt's] fabrics," and the fax is the only evidence submitted by

defendants purporting to show that defendants arranged the fabrics into the pattern at issue before plaintiff did. The fax, however, was not accompanied by an affidavit from anyone with personal knowledge of the fax, and therefore defendants' submission of the fax as evidence did not comply with Fed. R. Civ. P. 56(e)(1). Moreover, because the identity of the fax was not the subject of testimony by anyone with personal knowledge, and because it contained scant internal indicia of reliability, it was not properly authenticated under Fed. R. Evid. 901. Accordingly, the fax was not admissible, and the District Court did not err in finding that there was no genuine issue of material fact as to independent creation.

We review the District Court's decision to exclude evidence for "abuse of discretion." *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a district court abused its discretion by excluding evidence pursuant to Rule 37 we consider (1) the party's explanation for the failure to comply with the disclosure requirement, (2) the importance of the excluded evidence, (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony, and (4) the possibility of a continuance. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

Here, the District Court did not "abuse its discretion" by excluding certain testimony from Jeff House ("House") about the costs incurred by Wal-Mart in connection with selling the Morning Dew quilt. As an initial matter, we disagree with the defendants' characterization of the District Court's order as precluding House from testifying altogether. Plaintiff's motion in limine sought only to exclude testimony that was inconsistent with House's deposition testimony and based on new documents not disclosed to the plaintiff. Judge Cedarbaum similarly held "I am going to grant the motion to preclude *new testimony* based on *new documents*." (emphasis added). Accordingly, nothing in the District Court's order precluded House from testifying in a manner consistent with his deposition testimony.[1]

Shortly before trial, defendants informed plaintiff that House would testify to a different calculation of costs than he had at his deposition. They also offered spreadsheets summarizing the costs associated with selling the Morning Dew quilt upon which House intended to base his

---

[1] Contrary to defendants' suggestion, the fact that plaintiff had indicated that House's initial calculation of costs was legally unsupportable did not preclude them from offering that testimony at trial.

testimony. The District Court refused to allow House to testify to those new cost calculations, in part because defendants had never produced the underlying documentation on which the spreadsheet summaries were based.

The District Court's finding that the underlying documentation was never produced was not clearly erroneous. At the pretrial conference, in response to the Court's direct questions about whether Wal-Mart had produced the underlying documentation to support the summary data reflected on the spreadsheets—whether in electronic or paper form—counsel for the defendants responded that "it was not our understanding that that level of detail needed to be provided," that "no one asked for them," that "the production of these electronic records frankly would not have been feasible in this case," and that "Wal-Mart views this information as having been produced in an acceptable form." Based on these representations, the District Court did not err in concluding that the spreadsheets were summary evidence culled from underlying data that Wal-Mart had not produced. Given the proximity to trial, the lack of any compelling excuse for the failure to produce such documentation, and the prejudice to plaintiff that would have resulted from allowing House to testify to costs that plaintiff had no means of verifying or disputing, we conclude that the District Court acted within its discretion in granting plaintiff's motion in limine.

## CONCLUSION

We have considered all of defendants' arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

4