13-4780-cv
*Valentini v. Citicorp Fin. Servs. Corp.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

 At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT: JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
    CHRISTOPHER F. DRONEY,
       *Circuit Judges.*

---

BERNARDO VALENTINI,

   *Plaintiff-Appellant*,

WINDSOR INTERNATIONAL BUSINESS CORPORATION,
FKA WINDSOR INTERNATIONAL INVESTMENT CORPORATION,

   *Plaintiff-Counter-Defendant-Appellant*,

    v.         No. 13-4780-cv

CITICORP FINANCIAL SERVICES CORPORATION,
AKA CITI INTERNATIONAL FINANCIAL SERVICES, LLC,
CITI PRIVATE BANK, CITIBANK, N.A.,

   *Defendants-Appellees*,

CITIGROUP, INC., CITIGROUP GLOBAL MARKETS, INC.,

   *Defendants.*

---

**FOR APPELLANTS:**                           LOUIS F. BURKE (Leslie S. Wybiral, Louis F. Burke, P.C., New York, NY, Quinn Smith, Gomm & Smith PA, Miami, FL, *on the brief*), New York, NY.

**FOR APPELLEES:**                            MARSHALL H. FISHMAN (Dana L. Post, Samuel J. Rubin, *on the brief*), Freshfields Bruckhaus Deringer US LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs Bernardo Valentini and Windsor International Business Corporation appeal from the District Court's December 27, 2013 judgment awarding defendants $191,225.06 in fees and costs attributable to plaintiffs' discovery delays and failures, and dismissing plaintiffs' lawsuit for failure to comply with the District Court's orders to pay the fees and costs.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's imposition of sanctions for abuse of discretion. *S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013). Federal Rule of Civil Procedure 37(b)(2)(A) provides that, if a party "fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders," including dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "Several factors may be useful in evaluating a district court's exercise of discretion to impose sanctions, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Razmilovic*, 738 F.3d at 25 (internal quotation marks omitted).

Upon review of the record and relevant law, we conclude that the District Court acted within its discretion in imposing sanctions on plaintiffs in the amount of $191,225.06 in fees and costs attributable to plaintiffs' discovery delays and failures, and in dismissing plaintiffs' lawsuit for

---

[1] Although plaintiffs' notice of appeal references the District Court's November 25, 2013 order of dismissal, it "can be inferred from the notice of appeal" that plaintiffs intended to appeal the December 27, 2013 final judgment. *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 66 (2d Cir. 2008); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account."); *see also Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007) ("[W]hen a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review." (internal quotation marks omitted)).

failure to comply with the District Court's orders to pay the fees and costs.[2] As the District Court found, plaintiffs' "blatant disregard" of their obligation to search for and produce responsive documents reflected a "cavalier attitude" toward the discovery process. Furthermore, plaintiffs "basically conceded" that they had sufficient assets to pay the fees and costs but were unwilling to liquidate the assets.[3] The District Court also properly considered the efficacy of lesser sanctions, first imposing monetary sanctions in lieu of dismissal or directing that designated facts be taken as established, and then imposing dismissal when plaintiffs did not pay. Finally, the duration of plaintiffs' noncompliance was prolonged, spanning several months, and plaintiffs had ample warning of the consequences of noncompliance.

We also conclude that the amount of the fees and costs, as well as the amount of the $750,000 security bond, were reasonable. The District Court carefully reviewed the parties' extensive submissions on fees and costs, and it reasonably applied a 10 percent discount to defendants' fees because their method of billing did not adequately differentiate between hours billed as a result of plaintiffs' discovery delays and hours billed as a result of ordinary discovery. Although the District Court appears to have mistakenly cited Federal Rule of Civil Procedure 37(c)(1)(A) as its authority for imposing fees and costs, its imposition was still entirely proper under Federal Rule of Civil Procedure 37(b)(2)(C). As to the security bond, the District Court acted within its discretion in setting the amount at $750,000 pursuant to S.D.N.Y. Local Civil Rule 54.2, based on the parties' indemnification agreement and defendants' submission of its current and estimated legal fees. *See Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999) (affirming imposition of security bond for fees and costs as within district court's discretion).

We have considered all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the reasons stated above, the December 27, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Contrary to plaintiffs' contention, the District Court did not err in imposing sanctions for failure to obey a discovery order. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (listing factors that are useful in evaluating a district court's exercise of discretion to impose sanctions under Rule 37(b)); Fed. R. Civ. P. 37(b)(2)(A).

[3] Contrary to plaintiffs' contention, an imposition of discovery sanctions requires neither a finding of bad faith nor a finding of prejudice. *See, e.g.*, *Agiwal*, 555 F.3d at 302 (requiring only "willfulness, bad faith, *or any fault*" for sanction of dismissal (emphasis supplied) (internal quotation marks omitted)); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2d Cir. 2002) ("[D]iscovery sanctions, including an adverse inference instruction, may be imposed upon a party that has breached a discovery obligation not only through bad faith or gross negligence, but also through ordinary negligence . . . ."); *id.* at 112 (remanding to consider imposition of sanctions even if compliant party was "not prejudiced").