17-1839-cv
*Gao v. Perfect Team Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand eighteen.

PRESENT:
>RALPH K. WINTER,
>GUIDO CALABRESI,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*.

---

XIAO HONG ZHENG, individually and on behalf of all others similarly situated,

>*Plaintiff*,

LI RONG GAO,

>*Plaintiff-Appellee*,

>v.                                                              17-1839-cv

PERFECT TEAM CORPORATION, DBA GUANG ZHOU RESTAURANT, CHUN KIT CHENG, AKA JUN JIE ZHENG, JIA LI WANG,

>*Defendants-Appellants*,

JI SHIANG, INC., DBA GUANG ZHOU RESTAURANT, FENG LIN, ZHUO PING CHEN,

>*Defendants*.

---

| For Defendants-Appellants: | SAMUEL CHUANG, Law Offices of Samuel Chuang, Flushing, New York. |
|---|---|
| For Plaintiff-Appellee: | MICHAEL D. GOTTESMAN (Debo P. Adegbile, Margaret T. Artz, Katherine V. Mackey, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, New York, New York, Boston, Massachusetts; David Ureña, Urban Justice Center, New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*; Pollak, *M.J.*) entered May 11, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Perfect Team Corporation *doing business as* Guang Zhou Restaurant, Chun Kit Cheng *also known as* Jun Jie Zheng, and Jia Li Wang appeal from a May 11, 2017 judgment of the United States District Court for the Eastern District of New York in favor of Plaintiff-Appellee Li Rong Gao. Gao, a former server at a restaurant in Flushing, Queens, brought this action against the restaurant and certain individuals and entities affiliated with the restaurant pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). After a host of discovery disputes and extensive motion practice, the district court awarded Gao summary judgment on her minimum wage and spread-of-hours claims, and nearly all of her overtime claims.[1] On appeal, Defendants-Appellants argue that the district court erred in its discovery rulings, grant of summary judgment, and award of attorneys' fees to Gao's counsel.

---

[1] The district court found that there was a lone genuine issue of material fact regarding whether, during her first two months of employment, Gao worked 60 or 61 hours per week. Gao subsequently withdrew her claim as to this disputed 61st hour.

2

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Discovery

We begin with Defendants-Appellants' challenges to several discovery rulings, and identify no basis for reversal in the decisions below.

### A.  Motion to Compel

Defendants-Appellants contend that the magistrate judge erred in denying their motion to compel Gao to answer deposition questions regarding her tax forms.  "Discovery rulings are reviewed for abuse of discretion."  *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994).  A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions."  *United States v. Bove*, 888 F.3d 606, 607 n.1 (2d Cir. 2018) (alterations in original) (citation and internal quotation marks omitted).

Due to "the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns," courts "have been reluctant" to order discovery of tax returns.  *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979).  Courts in this Circuit long have observed that discovery of tax return information "presents a delicate situation."  *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985).  Thus, "[t]he requesting party bears the burden of establishing both relevancy and a compelling need for the tax returns."  *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 294 (E.D.N.Y. 2011).

3

Upon review, we discern no abuse of discretion in the magistrate judge's well-reasoned December 13, 2011 memorandum and order denying the motion to compel. Under the circumstances, where courts previously have hesitated to require disclosure of the requested information and have rejected similar attempts to compel production of tax information to attack a party's credibility, *see, e.g.*, *Rengifo v. Erevos Enters., Inc.*, No. 06-cv-4266 (SHS) (RLE), 2007 WL 894376, at *2–3 (S.D.N.Y. Mar. 20, 2007); *Avila-Blum v. Casa de Cambio Delgado, Inc.*, 236 F.R.D. 190, 192 (S.D.N.Y. 2006), the magistrate judge did not "base[] [her] ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," nor did she "render[] a decision that cannot be located within the range of permissible decisions." *Bove*, 888 F.3d at 607 n.1 (citation and internal quotation marks omitted).

## B. Sanctions

Defendants-Appellants next take issue with the sanctions imposed by the magistrate judge and adopted by the district court. "We review all aspects of a [d]istrict [c]ourt's decision to impose sanctions for abuse of discretion . . . ." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010) (citations and internal quotation marks omitted). Rule 37(b)(2)(A) empowers a district court to impose "just" sanctions on a party for noncompliance with a discovery order. "[D]istrict courts possess 'wide discretion' in imposing sanctions under Rule 37." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)).

Having reviewed the sanctions issued in the proceedings below, we detect no error amounting to an abuse of discretion and affirm substantially for the reasons stated by the magistrate judge in her January 28, 2013 memorandum and order and March 8, 2013 report and

4

recommendation, and in the district court's December 18, 2013 order adopting the report and recommendation in its entirety. Specifically, the magistrate judge's sanction barring Defendants-Appellants from conducting additional depositions or requesting further discovery was within her "wide discretion," *id.* (quoting *Daval Steel Prods.*, 951 F.2d at 1365), in light of Defendants-Appellants' repeated and "prolonged" failures (over a full year) to comply with their discovery obligations, even after receiving a warning from the magistrate judge. *Valentini v. Citicorp Fin. Servs. Corp.*, 589 F. App'x 1, 2 (2d Cir. 2014) (summary order); *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (per curiam) (upholding a stiffer sanction – *i.e.*, dismissal – following a shorter period of noncompliance – *i.e.*, approximately six months); *see also Daval Steel Prods.*, 951 F.2d at 1366 (noting that the Second Circuit "has never considered warnings an absolute condition precedent" to impose sanctions and admonishing that "[p]arties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril[]"). Nor did the adverse inference sanction, which (had the action proceeded to trial) would have instructed a potential jury that certain individual defendants were Gao's "employers" under the FLSA and NYLL, constitute an abuse of discretion. Rule 37(b)(2)(A)(i) expressly permits adverse inference sanctions, and we have noted that imposing an adverse inference sanction is well within a district court's discretion. *See Shcherbakovskiy*, 490 F.3d at 138 n.1; *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). Given Defendants-Appellants' manifest noncompliance with their discovery obligations to produce information pertaining to the relationship among and between certain defendants, we conclude that the adverse inference sanction was not an abuse of discretion. In fact, considering Defendants-Appellants' conduct, we

5

observe that the magistrate judge "handled this matter with exceptional patience and care; to her credit, she exceeded what was required in the circumstances." *Agiwal*, 555 F.3d at 303.

### C. Motion to Strike

Defendants-Appellants also maintain that the district court committed reversible error in striking from the summary judgment record certain materials previously undisclosed in discovery and offered by Defendants-Appellants for the first time in opposition to summary judgment: (1) non-party affidavits from some of Gao's coworkers, and (2) Gao's purported 2008 and 2009 W-2 forms. The parties agree that we review the district court's grant of Gao's motion to strike for abuse of discretion. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). Under Rule 37(c)(1), when a party does not "provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The record on appeal reveals no abuse of discretion by the district court in its August 31, 2015 memorandum and order granting Gao's motion to strike, as Defendants-Appellants' passing reference to some of the affiants in their supplementary interrogatory responses fails to satisfy Rule 26, and Defendants-Appellants have offered no compelling explanation for their noncompliance. *See Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) ("Many courts in this Circuit (including this one) have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i)."); *id.* (collecting cases); *see also Kam Hing Enters., Inc. v. Wal-Mart Stores, Inc.*, 359 F. App'x 235, 238 (2d Cir. 2010) (summary order) (excluding certain testimony "because defendants had never produced the

6

underlying documentation on which the spreadsheet summaries were based"); *Lujan*, 284 F.R.D. at 71 (collecting cases granting similar motions to strike).

## II.    Summary Judgment

We next turn to Defendants-Appellants' contention that the district court erred in awarding Gao summary judgment.  We review *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor."  *McBride v. BIC Consumer Prod. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009).  We affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation."  *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted).  In deciding a summary judgment motion, a district court considers "only admissible evidence."  *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 123 (2d Cir. 2001).

Upon review, substantially for the reasons stated by the district court in its thorough and well-reasoned August 31, 2015 memorandum and order, we reject Defendants-Appellants' arguments seeking reversal of the district court's summary judgment award.  Specifically, we identify no genuine dispute as to any material fact regarding Gao's pay, hours, or shift length; thus, there is no basis in the record for a reasonable juror to reach a contrary result.  Indeed, in their Rule 56.1 statement in opposition to Gao's summary judgment motion, Defendants-Appellants: (1) do not dispute that during the relevant period Gao was paid $400 per month; (2) do not meaningfully contest Gao's recollection as to her hours worked, including her recollection that she worked approximately 55 hours per week after her first two months; (3) offer no response to

7

evidence that Gao regularly worked more than 40 hours per week; (4) offer no response to evidence that Gao regularly worked six days per week; (5) do not meaningfully dispute that Gao generally worked over ten hours per day for five of her six work days; and (6) do not meaningfully dispute that Gao was never paid overtime compensation or spread-of-hours pay. *See* EDNY Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."). Moreover, we agree with the district court's determination that the restaurant did not maintain proper records as required under the FLSA and NYLL. *Cf. Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 66–67 (2d Cir. 1997). Thus, because no reasonable jury could disagree on this record that Gao, as found by the district court, is entitled to judgment as a matter of law on her minimum wage and spread-of-hours claims, and virtually all of her overtime claims (aside from, during the first two months, whether she worked 60 or 61 hours per week), we conclude that the district court did not err in awarding Gao summary judgment.

## III. Attorneys' Fees

Moving on to Defendants-Appellants' challenge to the attorneys' fees analysis promulgated by the magistrate judge and adopted by the district court, we review an award of attorneys' fees to an FLSA prevailing party for abuse of discretion. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 153 (2d Cir. 2008). "We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent

8

appellate review of what essentially are factual matters.'" *Id.* at 151 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Having considered the record and Defendants-Appellants' arguments on appeal, we affirm substantially for the reasons stated by the magistrate judge in her thorough and well-reasoned January 11, 2017 report and recommendation, adopted in its entirety by the district court in its May 5, 2017 memorandum and order. Notably, Gao's attorneys' fees request already included several reasonable reductions, and was further reduced upon careful examination by the magistrate judge. And our review of the record reveals no abuse of the magistrate judge's "considerable discretion," *id.*, in her well-supported finding that "the manner in which [Defendants-Appellants] litigated this case necessitated much of the time that [Gao's] counsel spent." SPA-163. To take just one revealing example highlighted by the magistrate judge, when Gao sought voluntarily to withdraw her claim to her 61st hour of work per week for two months of employment (after the district court had awarded summary judgment on at least 60 hours of work per week for those months), Defendants-Appellants inexplicably opposed the sensible request, even though the withdrawal would avoid the expense of trial on a $98 claim. This needless opposition required Gao to file a written response. In sum, we conclude that the attorneys' fees awarded by the magistrate judge and adopted by the district court did not result from "an erroneous view of the law or on a clearly erroneous assessment of the evidence," and the amount of the award was well "within the range of permissible decisions." *Bove*, 888 F.3d at 607 n.1 (citation and internal quotation marks omitted).

***

9

We have considered all of Defendants-Appellants' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court