17-2653-cv
*Morency v. NYU Hospitals Center*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

─────────────────────────────────────

MARGARET MORENCY,

> *Plaintiff-Appellant*,

v.                                                                                    17-2653-cv

NYU HOSPITALS CENTER,

> *Defendant-Appellee*,

1199 SEIU UNITED HEALTHCARE WORKERS EAST,

> *Defendant.*

─────────────────────────────────────

For Plaintiff-Appellant:          Peter A. Hurwitz, Law Office of Peter A. Hurwitz, PLLC, New City, New York.

For Defendant-Appellee:           Christie Del Rey-Cone, Cerasia & Del Rey-Cone LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) entered August 7, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Margaret Morency appeals from an August 7, 2017 judgment of the United States District Court for the Southern District of New York granting Defendants' motions for summary judgment. From 1989 until her March 2015 termination, Morency worked as an instrument technician at Defendant-Appellee NYU Hospitals Center ("NYUHC"). On appeal, Morency challenges only the district court's denial of Morency's motion, pursuant to Federal Rule of Civil Procedure 15(a), to amend her complaint to add a whistleblower claim against NYUHC under New York Labor Law § 740. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The denial of leave to amend a pleading should not be overturned absent an abuse of discretion on the part of the district court." *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985). A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Bove*, 888 F.3d 606, 607 n.1 (2d Cir. 2018) (alterations in original) (citation and internal quotation marks omitted).

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d

Cir. 2007). Permissible reasons to deny leave to amend include "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). As one example, a district court has discretion to deny leave to amend "where the belated motion would unduly delay the course of proceedings by . . . introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir. 2000) (citing *Ansam Assocs., Inc.*, 760 F.2d at 446). Where a party seeks leave to amend after a period of delay, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay, . . . and the court is free to conclude that ignorance of the law is an unsatisfactory excuse . . . ." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (internal citations omitted). "[T]he liberality with which a court grants leave to amend does not impart to litigants the privilege of re-shaping their legal theories endlessly . . . ." *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 953 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984) (per curiam).

Upon review, we discern no abuse of discretion in the district court's denial of leave to amend. Specifically, nothing in the district court's discussion of undue delay and prejudice amounts to an abuse of discretion.[1] Under the circumstances, where nearly all of the relevant facts giving rise to Morency's potential whistleblower claim were or should have been peculiarly within Morency's possession, Morency failed to "provide a satisfactory explanation" for her nearly 13-month delay in seeking amendment. *Cresswell*, 922 F.2d at 72. Indeed, as the district court

---

[1] Because the district court's undue delay and prejudice determinations suffice to resolve Morency's appeal, we need not address and thus express no view on the district court's futility analysis.

3

observed, "[t]here is no justification for [Morency's] counsel waiting over a year to ask [Morency] why she believed she was terminated." J.A. 161. Nor does the district court's prejudice determination constitute an abuse of discretion, as Morency's whistleblower claim – first raised the day depositions were completed at the tail end of discovery – would "introduc[e] new issues for discovery," *Grace*, 228 F.3d at 54, and force NYUHC to expend significant additional resources, including further depositions (of Morency, her supervisors, and potentially others) and discovery requests. In sum, in denying leave to amend, the district court did not "base[] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," nor did it "render[] a decision that cannot be located within the range of permissible decisions." *Bove*, 888 F.3d at 607 n.1 (citation and internal quotation marks omitted).

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4